UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT L. CROSS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV316 ACL |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Presently pending before the Court is Petitioner's Motion for Leave to File Amended Petition for Writ of Habeas Corpus. [Doc. # 11] Respondent has filed a Response in opposition to Petitioner's motion. [Doc. # 13]

### Background

Petitioner filed his original Petition, through counsel, on February 20, 2013. [Doc. # 1] Petitioner argued that counsel was ineffective in that he solicited a waiver of Petitioner's rights under Rule 24.035.

On April 18, 2014, Petitioner filed a pro se motion for leave to amend his Petition. In his motion to amend, Petitioner seeks leave to amend his Petition to add the following new claims: (1) the grand jurors lacked jurisdiction under state law to indict him; and (2) "other jurisdictional and structural claims." [Doc. # 11, p. 21-22, 27] Petitioner admits that the Missouri Court of Appeals disposed of Petitioner's post-conviction relief appeal in March 2012, and that he filed his original Petition in February 2013. [Id. at p. 13-14]

Respondent argues that the Court should deny Petitioner's Motion to Amend because the

1

motion is untimely and does not contain claims that relate back to the original Petition. The undersigned agrees.

## Discussion

Claims in an amended habeas petition filed after the expiration of the one-year limitations period may not be considered if they do not "relate back" to the date of the original habeas petition. Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)).

Amended claims relate back to the original claims when both sets of claims arise out of the "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In order for the amended claims to relate back they must be supported by facts of the same "time and type" as those in the original pleading. Mayle, 545 U.S. at 650. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle, 545 U.S. at 664. Claims do not relate back "simply because they relate to the same trial, conviction, or sentence as a timely filed claim." Mayle, 545 U.S. at 662.

In this case, Petitioner's claims do not arise from the same conduct or occurrence set out in the original Petition. Petitioner seeks to add claims about the grand jury violating state law along with unspecified jurisdictional errors, whereas his original claim related to the assistance of counsel during his guilty plea proceedings. Thus, Petitioner's' claims do not relate back to the filing of the original Petition and are untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to File Amended Petition for Writ of Habeas Corpus [Doc. # 11] be and it is **denied**.

Dated this 31st day of October, 2014.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE