UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. CROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:13CV316 ACL |
| ) | |
| TERRY RUSSELL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Robert L. Cross for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

### I. Procedural History

Cross is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of St. Louis County, Missouri. (Respt's Ex. 2 at 16-20.)

On October 14, 2008, Cross pled guilty to one count of first-degree robbery, two counts of armed criminal action, one count of first-degree burglary, one count of stealing $500 or more, and one count of stealing a credit device. (Respt's Ex. 1.) The state, pursuant to a plea agreement, recommended a sentence of fifteen years' imprisonment for each of the robbery and burglary counts, five years' imprisonment for the felony stealing and credit card theft counts, and three years' imprisonment for each of the armed criminal action counts, with all terms to be served concurrently with one another and with sentences Cross was serving in two other cases. *Id.* at 16. As part of the plea agreement, Cross agreed to waive his right to file a motion for post-conviction relief under Rule 24.035 in the case, and to dismiss his post-conviction motion that he had filed in a different case. *Id.* at 16-17. The court sentenced Cross pursuant to the state's recommendation

to concurrent terms of fifteen years' imprisonment for the first-degree robbery and first-degree burglary counts, three years for each of the counts of armed criminal action, and five years each for the counts of stealing, for a total of fifteen years' imprisonment. (Respt's Ex. 2 at 16-20.) Cross is currently serving these sentences. (Respt's Ex. 1 at 16-17.)

Despite Cross's waiver of post-conviction relief, he filed a *pro se* motion under Rule 24.035 on November 14, 2008. (Respt's Ex. 2 at 25-33.) After the appointment of counsel, Cross filed an amended motion and request for an evidentiary hearing. *Id.* at 50-70. Cross raised the following claims: (1) plea counsel was ineffective for misadvising Cross regarding how much time he would have to serve before becoming eligible for parole; (2) he was denied his rights to due process in that plea counsel advised him to waive his rights to post-conviction relief; and (3) plea counsel was ineffective for misadvising him as to how much jail-time credit he would receive. *Id.* The motion court denied Cross's motion and his request for an evidentiary hearing, both on the merits and because Cross had waived his right to proceed under Rule 24.035. *Id.* at 74-80.

In his appeal from the denial of post-conviction relief, Cross argued that he was denied due process and the effective assistance of conflict-free counsel in that the prosecutor and defense counsel were both involved in a plea agreement that required Cross to waive his post-conviction rights. (Respt's Ex. 3 at 13.) On February 28, 2012, the Missouri Court of Appeals for the Eastern District vacated the motion court's judgment and remanded the cause with instructions to dismiss Cross's Rule 24.035 motion because Cross waived his right to seek post-conviction relief in return for a reduced sentence. (Respt's Ex. 4. At 9.)

Cross filed the instant Petition on February 20, 2013. (Doc. 1.) In his single ground for relief, Cross argues that trial counsel was ineffective in that he solicited a waiver of Cross's rights under Rule 24.035. *Id.* at 5. Cross contends that counsel advised him to forego his rights to file an ineffective assistance of counsel claim, thereby violating Rule 4-1.7, Missouri Supreme Court

Rules. *Id.*

On May 9, 2013, Respondent filed a Response to Order to Show Cause, in which he argues that Cross's claim is not cognizable in federal habeas court and it fails on its merits. (Doc. 7.)

## II. Facts

The summary of the plea hearing below is taken directly from the decision of the Missouri Court of Appeals. (Respt's Ex. 4.)

At the plea hearing, the court specifically addressed the waiver of Cross's right to seek post-conviction relief. Cross had signed a document titled "Waiver of Right to Proceed under Rule 24.035 for Post Conviction Relief." In this document, Cross acknowledged that he had been informed of his right to file a motion for post-conviction relief under Rule 24.035 to vacate, set aside, or correct the judgment or sentence. The document then includes the following language:

> Defendant understands that such a motion could be filed after judgment or sentence to seek relief from claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of:
> 1. Ineffective assistance of trial and appellate counsel;
> 2. The Court imposing the sentence was without jurisdiction to do so; or
> 3. The sentence imposed was in excess of the maximum sentence authorized by Law.

The document continues:

> Defendant acknowledges that [he] is aware that relief under Rule 24.035 is the exclusive procedure by which defendant could seek relief for any of the above claims.
> Defendant hereby states that having been so informed of [his] rights to post-conviction relief as stated above, defendant waives the right to file any such motion in return for the State's agreement to recommend a specific sentence to the Court, or for such other agreement on behalf of the State. By so agreeing to waive this right Defendant understands that [he] will be forever barred from raising any such claims as enumerated above. Defendant also states to the Court that this waiver is made knowingly, voluntarily, and intelligently, with a full understanding of the above rights.

At the bottom of the waiver appear the signatures of Cross, his attorney, the assistant prosecuting attorney, and the trial judge. Cross acknowledged to the plea court that he had read, understood, and signed the waiver document.

Before accepting Cross's pleas of guilty, the court engaged Cross in an extensive colloquy regarding his waiver of his post-conviction rights. In sum, the court reiterated the claims that Cross could raise in seeking post-conviction relief, and repeatedly confirmed that Cross understood those claims and the fact that he was giving up his right to make those claims. The Court twice asked Cross if, knowing the rights and claims he was giving up, he still wished to proceed, waive his rights, and enter pleas of guilty. The colloquy is as follows:

> THE COURT: Do you understand part of the agreement is also that you waive your right to proceed under Rule 24.035 or Rule 29.07, requesting post-conviction relief; do you understand that?
> CROSS: Yes, sir.
> THE COURT: And I know I went over this—or if I haven't gone over this with you, I'm going to go over it with you again, but you would have a right to claim certain things when asking for post-conviction relief; do you understand that?
> CROSS: Yes, sir.
> THE COURT: You can ask that the plea be set aside for ineffective assistance of counsel, claiming that your lawyer didn't do everything that he could have done; do you understand that?
> CROSS: Yes, sir.
> THE COURT: You could ask that the Court, or claim that the Court didn't have jurisdiction to impose the sentence, or that the sentence imposed was in excess of the maximum sentence authorized by law; do you understand all of that?
> CROSS: Yes, sir.
> THE COURT: And you are giving up that right; is that correct, is that your understanding?
> CROSS: Yes, sir.
> THE COURT: Do you still want to go forward and waive your right to file a motion asking for post-conviction relief?
> CROSS: Yes, sir.
> THE COURT: You have filled out and signed this memo; is that correct?
> CROSS: Yes, sir.

| | |
|---|---|
| THE COURT: | Have you gone over this with your attorney? |
| CROSS: | Yes, sir. |
| THE COURT: | Has he explained it all to you? |
| CROSS: | Yes, sir. |
| THE COURT: | Did you understand it? |
| CROSS: | Yes, sir. |
| THE COURT: | Do you understand that part of this again would be to claim that Mr. Nelson, or your attorneys, didn't do everything that you asked them to do? |
| CROSS: | Yes, sir. |
| THE COURT: | Or that somehow they have done something wrong; do you understand that? |
| CROSS: | Yes, sir. |
| THE COURT: | You are giving up the right to claim that; is that your understanding? |
| CROSS: | Yes, sir. |
| THE COURT: | Also as part of this, do you understand that you had filed in the two older cases that you were on probation in this court for, you had filed a motion for post-conviction relief; is that correct? |
| CROSS: | Yes, sir. |
| THE COURT: | And you are now asking that that be dismissed as part of this agreement; is that correct? |
| CROSS: | Yes, sir. |
| THE COURT: | And you filled out a memo signing it. That it is voluntarily dismissed; is that correct? |
| CROSS: | Yes, sir. |
| THE COURT: | Again, do you understand that you are giving up the right to claim that you were not represented properly in those two cases; do you understand that? |
| CROSS: | Yes sir. |
| THE COURT: | Knowing all of this, do you still want to go forward and enter the pleas of guilty here today? |
| CROSS: | Yes, sir. |
| THE COURT: | Do you have any questions about any of it? |
| CROSS: | No, sir. |
| THE COURT: | Have you understood everything that I have said to you? |
| CROSS: | Yes, sir. |
| THE COURT: | Other than that, what I have said to you here with regard to the plea agreement, has anybody told you anything different? |
| CROSS: | No, sir. |
| THE COURT: | Are you entering pleas of guilty freely and voluntarily because you are, in fact, guilty of each of these charges? |
| CROSS: | Yes, sir. |

Cross then formally entered his pleas of guilty to the six charges.

At the conclusion of the hearing, the plea court found a factual basis for the pleas of guilty, and that Cross had made his pleas voluntarily and intelligently, with a full understanding of the charges, the consequences of the pleas, an understanding of the rights attending a jury trial and the effect of the pleas of guilty on those rights. The court therefore accepted Cross's pleas of guilty and then sentenced Cross in accord with the plea agreement.

### III. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably

applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### IV. Discussion

Respondent first argues that Cross's claim is not cognizable in this federal habeas action because it challenges only an infirmity in the post-conviction relief process, and makes no challenge to actual confinement. Respondent also contends that Cross's claim fails on its merits because the waiver of his post-conviction rights was made knowingly, voluntarily, and intelligently.

"Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990). "Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Id.* Cross's claim that plea counsel was ineffective in soliciting a waiver of his right to post-conviction relief is not cognizable in this habeas action.

A waiver of collateral attack rights in a plea agreement is enforceable. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such waivers, however, are not absolute as defendants cannot waive the right to challenge illegal sentences or a sentence imposed in violation of the terms of the plea agreement. *Id.* Also, defendants retain the right to challenge whether the decision to enter into the plea agreement was knowing and voluntary. *Id.* A waiver, therefore,

is not effective if a defendant alleges in his habeas petition that the plea was not knowing and voluntary due to the ineffective assistance of counsel. *Id.* at 924. This would include the negotiation of and entry into the plea agreement containing the waiver. *Id.* To the extent Cross is arguing that plea counsel's alleged ineffectiveness caused his plea to be unknowing or involuntary, the Court will consider the merits of his claim.

In order to state a claim of ineffective assistance of plea counsel, Cross must meet the *Strickland* standard: Cross must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 113 (2009) (internal quotations and citations omitted).

Cross argues that there is a conflict of interest in advising one's client to waive claims regarding one's own legal work. Cross relies on Missouri Supreme Court Rule of Professional Conduct 4-1.7 and Advisory Committee Opinion 126 for his position that neither a prosecutor nor a defense attorney should be a party to a plea agreement that requires a defendant to waive his post-conviction rights.

Rule 4-1.7 addresses conflicts of interest with current clients and provides in relevant part as follows:

(a) Except as provided in Rule 4-1.7(b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
***
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyers' responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Model Rules of Prof'l Conduct Rule 1.7(a).

Formal Opinion 126, interpreting Rules 4-1.7, 4-3.8 and 4-8.4 of the Rules of Professional Conduct, addressed the issue of whether it is a violation of the professional code of ethics for defense counsel to advise the defendant regarding the waiver of the right to post-conviction relief.[1] The opinion reads as follows:

WAIVER OF POST-CONVICTION RELIEF
We have been asked whether it is permissible for defense counsel in a criminal case to advise the defendant regarding waiver of their right to seek post-conviction relief under Rule 24.035, including claims of ineffective assistance by defense counsel. We understand that some prosecuting attorneys have expressed intent to require such a waiver as part of a plea agreement.
It is not permissible for defense counsel to advise the defendant regarding waiver of claims of ineffective assistance of counsel by defense counsel. Providing such advise would violate Rule4-1.7(a)(2) because there is a significant risk that the representation of the client would be materially limited by the personal interest of defense counsel. Defense counsel is not a party to the post-conviction relief proceeding but defense counsel certainly has a personal interest related to the potential for a claim that defense counsel provided ineffective assistance to the defendant. It is not reasonable to believe that defense counsel will be able to provide competent and diligent representation to the defendant regarding the effectiveness of defense counsel's representation of the defendant. Therefore, under Rule 4-1.7(b)(1), this conflict is not waivable.
We have also been asked whether it is permissible for a prosecuting attorney to require waiver of all rights under Rule 24.035 when entering into a plea agreement. We believe that it is inconsistent with the prosecutor's duties as a minister of justice and the duty to refrain from conduct prejudicial to the administration of justice for a prosecutor to seek a waiver of post-conviction rights based on ineffective assistance of counsel or prosecutorial misconduct. *See*, Rules 4-3.8 and 8.4(d).

---

[1]The Court's summary of Formal Opinion 126 is taken from the decision of the Missouri Court of Appeals. (Respt's Ex. 4 at 6-7 n. 3.)

Cross raised this claim in his post-conviction motion and in his appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> Mr. Cross argues that his plea is invalid for the single reason that it includes a waiver of his postconviction rights. He maintains that the presence of the waiver and the potential conflict of interest alone are enough to invalidate his plea. Mr. Cross has not alleged an actual conflict of interest in this case. In essence, Mr. Cross argues for us to adopt and announce a *per se* rule against waivers. We decline his invitation. Mr. Cross's argument is foreclosed by the Missouri Supreme Court's recent companion decisions *Cooper* and *Krupp*, which addressed waivers of post-conviction rights. *Cooper v. State*__S.W.3d__, 2011 WL 6096504 (Mo. banc 2011); *Krupp v. State*, __S.W.3d__2011 WL 6096499 (Mo. banc 2011). The movants in those cases likewise relied on Advisory Committee Opinion 126 to similarly argue that plea counsel's potential conflict of interest alone, in advising them to waive their post-conviction rights, rendered their guilty pleas unknowing, involuntary, and unintelligent. The Court reaffirmed the long-settled law that a movant can waive his right to seek post-conviction relief. *Cooper*, 2011 WL 6096504 at *4-5; *Krupp*, 2011 WL 6096499 at *5. That waiver, as always, must be knowing, voluntary, and intelligent. *Krupp*, 2011 WL 6096499 at *5. The Court rejected the argument that a potential conflict of interest alone is enough to invalidate a guilty plea, expressly holding that "allegations of only a potential conflict of interest based on counsel's advice concerning the waiver of post-conviction relief…do not render an agreement unknowing, involuntary, or unintelligent." *Id.*
> Mr. Cross's argument against the validity of his plea being of no avail, we thus look to see if he made a knowing, voluntary, and intelligent waiver of his right to seek post-conviction relief.
> \* \* \*
> The record in this case clearly demonstrates that Mr. Cross's waiver was made knowingly, voluntarily, and intelligently after he was informed of the rights he was relinquishing. We therefore hold Mr. Cross to his end of the bargain.

(Respt's Ex. 4 at 8-9.)

Despite Cross's claim that his attorney's advice to waive his post-conviction rights violated Rule 4-1.7, Missouri and federal law allow for the waiver of post-conviction rights as long as the waiver is knowing, voluntary, and intelligent. *See Cooper v. State*, 356 S.W.3d 148, 154 (Mo. 2011); *Krupp v. State*, 356 S.W.3d 142, 147-48 (Mo. 2011); *DeRoo*, 223 F.3d at 923-24. Violation of an ethical rule does not establish a constitutional violation to warrant federal habeas

relief. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986) ("[B]reach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel.").

The court's determination that Cross's waiver was made knowingly, voluntarily, and intelligently after he was informed of the rights he was relinquishing is supported by the record. Before accepting Cross's pleas, the court questioned Cross extensively about the waiver of his post-conviction rights. (Respt's Ex. 1 at 19, 24-28.) Specifically, the plea court explained to Cross that he was giving up his right to argue that counsel was ineffective, asked Cross if he understood he was relinquishing this right, asked Cross if he had any questions about this waiver, and asked Cross if he still wished to proceed with the wavier of these rights. *Id.* The court also explained to Cross the range of punishment in his case, and stated that, if the sentences were to run consecutively, he could receive up to three life terms plus twenty-nine years imprisonment. *Id.* at 15. At the conclusion of the plea hearing, the court found a factual basis for the pleas and found that Cross's pleas were made voluntarily and intelligently, with a full understanding of the charges and the consequences of the pleas. *Id.* at 28. The court then sentenced Cross to a total of fifteen years' imprisonment in accord with the plea agreement. *Id.* at 29.

The state court's determination that Cross's waiver of his right to seek post-conviction relief was knowing, voluntary, and intelligent is not contrary to or an unreasonable application of clearly established federal law. Cross received a significant benefit in exchange for the waiver of his post-conviction rights, in that he received a fifteen-year sentence rather than three life terms plus twenty-nine years imprisonment. Cross does not argue that he would have proceeded to trial but for his counsel's advice regarding the plea. Thus, counsel was not ineffective in advising Cross to waive his post-conviction rights.

### V.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Cross has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

### ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of February, 2016.